Salhan v. Barr

BIA
Hom, IJ
A206 036 016

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand nineteen.

PRESENT:
        JON O. NEWMAN,
        JOSÉ A. CABRANES,
        GERARD E. LYNCH,
            *Circuit Judges.*
_____

JATINDER SALHAN,
        *Petitioner,*

        v.                                    17-405
                                             NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:         Jatinder Salhan, Pro Se, S. Ozone
                        Park, NY.

FOR RESPONDENT:         Chad A. Readler, Acting Assistant
                        Attorney General; Stephen J.
                        Flynn, Assistant Director; Lynda
                        A. Do, Jeffrey R. Meyer,
                        Attorneys, Office of Immigration
                        Litigation, United States
                        Department of Justice, Washington,
                        DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jatinder Salhan, a native and citizen of India, seeks review of a January 10, 2017, decision of the BIA affirming an April 19, 2016, decision of an Immigration Judge ("IJ") denying Salhan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jatinder Salhan,* No. A 206 036 016 (B.I.A. Jan. 10, 2017), *aff'g* No. A 206 036 016 (Immig. Ct. N.Y. City Apr. 19, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In lieu of filing a brief, the Government moved for summary denial of Salhan's petition for review.[1] Rather than determine if the petition is frivolous as is required for summary denial, *see Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995), we construe the Government's motion as its brief and deny the petition on the merits.

---

[1] Although the Government's motion was filed more that a year ago, Salhan has made no response.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review adverse credibility determinations under a substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The governing REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The agency reasonably relied on Salhan's demeanor, noting that his testimony was vague and lacking in material detail and that certain answers were not responsive to questions. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor). Where an applicant gives "spare" testimony, the

fact-finder may "fairly wonder whether the testimony is fabricated," and "may wish to probe for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007). Although spare testimony is insufficient to support an adverse credibility determination absent an opportunity to expand, here Salhan's attorney, the Government's attorney, and the IJ were unsuccessful in their attempts to solicit detail. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 147 (2d Cir. 2007). Although pressed to give more detail regarding his party activities, Salhan could testify only regarding the two occasions on which he was allegedly assaulted by Congress Party members, which conflicts with his testimony that he attended "all" of the Mann Party rallies and functions and suggests that he fabricated his claim. *See Jin Shui Qiu*, 329 F.3d at 152.

Furthermore, the record reflects that Salhan gave evasive and non-responsive answers when asked by the IJ if he consulted with an attorney in India. Rather than answer, Salhan described attacks on Sikhs in 1984, prior to his birth.

4

Salhan did not rehabilitate his credibility with corroborating evidence. "An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Although Salhan testified that his mother paid authorities to release him from detention, he did not know how much money his mother paid, and his mother's letter does not mention any payment. Finally, Salhan did not produce any country conditions evidence discussing the treatment of Mann Party members.[2]

Given Salhan's vague testimony, lack of responsiveness, and failure to rehabilitate his testimony with corroborating evidence, the totality of the circumstances supports the agency's adverse credibility ruling. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at

---

[2] We decline to reach the IJ's finding regarding Salhan's inconsistent testimony regarding his level of religious observance. The BIA did not address the finding, which is tangential given that Salhan's claim is based on political, not religious, persecution. Even assuming error, the remaining findings provide substantial evidence for the adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006)(declining to remand despite error where substantial evidence supported the adverse credibility determination).

167.  Because Salhan's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).  Because the adverse credibility determination is dispositive, we do not reach the agency's independent denial of Salhan's applications for lack of corroboration.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the motion for summary denial is CONSTRUED as the Government's brief and the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

6